UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH THOMAS,<br><br>                       Petitioner,<br>vs.<br><br>UNITED STATES DISTRICT COURT; et al.,<br><br>                      Respondents. | CASE NO. 10-CV-2572 BEN (POR)<br><br>**ORDER DENYING MOTION TO VACATE JUDGMENT**<br><br>[Docket No. 7] |

Presently before the Court is Petitioner's Motion to Vacate Judgment. (Docket No. 7.) For the reasons stated below, the Motion is **DENIED**.

### BACKGROUND

In the related case, *Thomas v. United States Drug Enforcement Administration*, Case No. 09-CV-2916 W (WVG), Judge Thomas Whelan dismissed Petitioner's second amended complaint and denied leave to amend. (Pet., Exh. E.) Petitioner appealed, and his appeal was summarily denied. (Case No. 09-CV-2916 W (WVG), Docket Nos. 21 & 22.)

On December 6, 2010, Petitioner filed the present Petition. Petitioner invoked jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), asking the Court to compel, or issue mandamus to, Judge Whelan to (1) reopen Case No. 09-CV-2916 W (WVG); (2) "remand the case to trial;" and (3) "give summary judgment in favor" of Petitioner. (Pet. at 6.) The Petition was dismissed because it was frivolous as a matter of law on December 29, 2010. (Docket No. 3.) On February 24, 2012,

Petitioner moved to vacate judgment under Federal Rule of Civil Procedure 60. (Docket No. 7.)

## DISCUSSION

Petitioner moves to vacate judgment under Federal Rule of Civil Procedure 60(b)(1) and (4). Rule 60(b) allows for reconsideration due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). As over a year passed before Petitioner filed the Motion to Vacate Judgment, Petitioner may not move to vacate judgment under Rule 60(b)(1). Accordingly, the Court will analyze the Motion to Vacate Judgment only under Rule 60(b)(4).

Petitioner argues that (1) the Court deprived Petitioner of the right to sue; and (2) the Court failed to allow Petitioner to amend his complaint. Petitioner, however, has not shown that the previous judgment is void under Rule 60(b)(4). Accordingly, the Motion to Vacate Judgment is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Motion to Vacate Judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED: May /8, 2012

HON. ROGER T. BENITEZ
United States District Court Judge